ELIZABETH DEUPREZ, Respondent, v. SAMUEL DEUPREZ and MARY ANN DEUPREZ, Appellants.

Where the wife is made a party defendant with her husband, it is no objection to the right of the plaintiff to recover, that the wife was denied the benefit of a separate trial.

Where the defense of the wife is a special one, she can defend for her own right, as well when sued jointly with her husband, as if the trial was separate.

In a suit for a divorce and a partition of the property acquired during coverture, the jurisdiction of the District Court is not limited as to the amount.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

The facts material to the points decided, appear in the opinion of the Court.

*Foote & Aldrich,* for Appellants.

1. The Court erred in refusing the appellants a separate trial. The interest of the wife having been separate and antagonistic to that of the husband, she was entitled to a separate trial. The right to a separate trial is recognized by the Practice Act. Prac. Act, § 8.

2. The Court erred in admitting in evidence the decree or judgment of the District Court of the Fourth District, that Court having exceeded its jurisdiction in giving judgment for $2,000 in a proceeding for divorce.

3. The verdict does not harmonize with the issues made by the pleadings, and no valid judgment can be entered thereon.

*John A. Wills*, for Respondent.
No brief on file.

BRYAN, J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

Elizabeth Deuprez having obtained a decree for a divorce against the appellant, Samuel Deuprez, and an amount fixed to be paid monthly for the maintenance and education of her child, as also a decree for one-half of the property acquired by herself and husband during their coverture, files her complaint against the appellants, setting up that Samuel Deuprez has pretended to convey the common property to Mary Ann Deuprez, in order to cheat and defraud the complainant. And she also prays that she may be adjudged her proper share in the distribution of the property, and that having a right to the possession of the property described in the complaint, she be adjudged restitution of the same. The jury having found for the plaintiff, a motion for a new trial was made, which was denied by the Court below, and this appeal is taken from the order denying the motion for a new trial.

The first point raised by the appellants, that Mary Ann Deuprez was not allowed, upon motion to that effect, the benefit of a separate trial, is not well taken. Section eight, of the "Act to regulate Proceedings in Civil Cases," provides, that where the husband and wife are sued together, the wife may " defend for her own right." This can be done as well when sued jointly with her husband, as if the trial were separate; her defense, if a special one, could come in, in either case. The second point raised in the assignment of error,—which is, that the judgment of the District Court should not have been admitted in evidence, for the reason that it had exceeded its jurisdiction in giving judgment for two thousand dollars in a divorce case,—is also, in my opinion, not well taken. The Act of 1851, concerning divorces, (§ 7, p. 372, Comp. Laws,) provides that the Court may make any order for the support of the wife and the maintenance of the children, as may be just. This section of the Act invests the Court with a large discretion. Section one of the same Act, clothes the District Courts

with exclusive jurisdiction in granting divorces from bed and board, as well as from the bonds of matrimony; and section seven of the same Act, as has been seen, invests them with the discretion to make any order for the support of the wife and children which may be just. Instead of the District Court having no jurisdiction, in giving such a judgment, it is the only Court which, by our laws and Constitution, could have given any judgment whatever in the premises. The other assignment of error is without any force.

The judgment of the Court below must be affirmed, with costs.